CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

STEVEN TURNER,           )
                        )     **Civil Action No. 7:10-cv-00559**
    **Plaintiff,**        )
                        )
**v.**                    )     **MEMORANDUM OPINION**
                        )
**DIGITAL BROADCAST**    )
**CORPORATION, et al.,**    )
                        )     **By: Samuel G. Wilson**
    **Defendants.**     )     **United States District Judge**

This is an action by plaintiff, Steven Turner, against defendants, Digital Broadcasting Corporation ("DBC") and Zapmytv.com, Inc. ("Zap"), alleging breach of contract and unjust enrichment, and seeking declaratory relief and an accounting.[1] This matter is currently before the court on the defendants' motion to quash service under Federal Rule of Civil Procedure ("Rule") 12(b)(4) and to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Alternatively, the defendants seek to transfer the case against DBC to the U.S. District Court for the District of Delaware, and the case against Zap to the U.S. District Court for the District of Nevada, under 28 U.S.C. § 1404. For the reasons set forth below, the court denies the defendants' motions.

## I.

In 2009, Turner, a Virginia resident, who served as the chief executive officer for both DBC and Zap entered into an employment agreement with DBC and an assignment agreement with Zap purporting to transfer intellectual property he had developed. Both agreements were executed in Virginia, and Larry Silver, a resident of Virginia and also an officer of both DBC

---

[1] Turner is a citizen of Virginia. DBC is a Delaware corporation that claims to have its principal place of business in Delaware, and Zap is a Nevada corporation that claims to have its principal place of business in Nevada. There is more than $75,000 in controversy. Accordingly, Turner asserts diversity jurisdiction over this case under 28 U.S.C. § 1332.

and Zap, signed Turner's agreement with Zap on Zap's behalf. The parties agree that Turner performed at least some of his work for DBC in Virginia.

Turner filed his complaint on December 17, 2010, asserting claims arising out of the two contracts, for breach of contract and unjust enrichment, and seeking declaratory relief and an accounting. Turner repeatedly attempted to serve process on Larry Silver at his home between December 28, 2010, and January 13, 2011. After Silver attempted to evade the process server by running inside his home and shutting the door, the process server left the documents on Silver's doorstep. This matter is currently before the court on the defendants' motion to quash the service of process on the ground that Silver was not an agent of either company as of January 13, 2011, and to dismiss the suit on the ground that the court lacks personal jurisdiction over the defendants.

## II.

The defendants have moved to quash the service of process on the grounds that Turner's service was invalid under Rule 4 and Virginia law, and that Silver was not an agent of the defendants at the time Turner served him. The court denies defendants' motion to quash because their timely receipt of process is sufficient under Virginia law.

Virginia Code § 8.01-288 provides that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted" in the manner provided for by Virginia law. Thus, § 8.01-288 operates to cure defects in the manner in which process is served, so long as the defendant has otherwise received process. Lifestar Response of Md., Inc. v. Vegosen, 267 Va. 720, 725 (2004); Cumberlander v. KCL Site Servs., LLC., 2009 WL 4927144, at *5 (E.D. Va. Dec. 17, 2009); In re Motorsports

Merchandise Antitrust Litig., 186 F.R.D. 344, 349 (W.D. Va. 1999). Here, the defendants

acknowledge that they received process and actual notice of the suit by January 31, 2011. (See

Defs.' Mot. at 2 n.2.) Accordingly, the defendants' objections to the manner in which Turner

served process on Silver, or whether Silver was an agent of the defendants, are mooted by the

application of § 8.01-288,[2] and the court denies their motion to quash.

## III.

The defendants have moved to dismiss Turner's complaint on the ground that the court

lacks personal jurisdiction. Because the court finds that it may exercise specific personal

jurisdiction over both defendants, the court denies the motion.

To exercise personal jurisdiction over a nonresident defendant, the Due Process Clause

requires that the defendant "have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).[3] There are two forms of personal

jurisdiction: general and specific. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S.

408, 414-15 (1984); Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory",

---

[2] In any event, the defendants' objections to the method by which Turner served Silver are without merit. Rule 4(e)(1) states that a party may be served in accordance with state law, and Virginia Code § 8.01-296(2)(b) provides that process may be served on a person by "posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode," in the event neither the person to be served or anyone else living in that person's home can be found to accept service. Here, the private process server hired by Turner repeatedly attempted to contact Silver at home to deliver a copy of the summons and complaint. After Silver refused to answer his door and accept the documents personally, Parker left the documents on Silver's doorstep, a method of delivery which satisfied the requirements of § 8.01-296(2)(b) and was therefore valid under Rule 4. See also Travelers Cas. & Sur. Co. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (finding that a process server satisfied Rule 4 by leaving a copy of the summons and complaint on the defendant's doorstep after the defendant refused to answer his door to receive them).

[3] The plaintiff must show that personal jurisdiction in this district is authorized by both Virginia's long-arm statute in addition to the Due Process Clause of the Fourteenth Amendment. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009). However, because Virginia's long-arm statute extends to the limits provided by the Due Process Clause, "the statutory inquiry merges with the constitutional inquiry." Id.; see also Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002).

283 F.3d 208, 213 (4th Cir. 2002). Specific jurisdiction requires that the plaintiff's cause of action arise out of, or be related to, the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, 466 U.S. at 414 n.8. The plaintiff bears the burden of making "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

In deciding whether the court has specific personal jurisdiction, the court applies a three-part test in which it considers: "(1) the extent to which the defendant "purposefully avail[ed]" itself of the privilege of conducting activities in the [forum] State; (2) whether the plaintiffs' claims arise out of those activities directed at the [forum] State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (internal citations omitted). The purposeful availment prong requires the court to look at a number of factors, such as whether the defendant maintains offices or agents in the forum state, whether the defendant engaged in significant or long term business activities in the forum state, whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship, and whether the performance of contractual duties was to occur in the forum state. See Consulting Eng'rs, 561 F.3d at 278 (providing a non-exhaustive list of factors for courts to consider). The second prong requires that the defendant's contacts with the forum form the basis of the suit. Id. at 278-79. The third prong requires the court to consider additional factors to ensure that the forum in question is appropriate, including:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining

4

efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

Id. at 279 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

Here, both defendants executed the disputed contractual agreements with Turner, a Virginia resident, in Virginia, and this suit arises directly out of those contracts. Turner acted as the Chief Executive Officer for both defendants while living in this state, and performed work for both defendants here. Silver, another officer and director of both DBC and Zap, also lived in Virginia, and executed the assignment agreement at issue in Virginia on Zap's behalf. These contracts also anticipated performance in this state. The court finds that these facts, taken together, establish a prima facie case that the defendants have purposefully availed themselves of the privilege of conducting business in this forum, that Turner's claims arise out of these contacts, and that it is not constitutionally unreasonable to subject the defendants to suit here.

For these reasons, the court denies the defendants' motion to dismiss.

## IV.

As an alternative to dismissing the case under Rule 12(b)(2), DBC and Zap propose separating the claims against each defendant and transferring under 28 U.S.C. § 1404 the claims against each to different district courts (the U.S. District Court for the District of Delaware and the U.S. District Court for the District of Nevada). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, the defendants have not set forth any justification or rationale for doing so, other than the fact that the companies were incorporated in those two states. As this fact, standing alone, is clearly insufficient, the court denies defendants' motion to transfer.

**V.**

For the reasons stated above, the court denies the defendants' motions to quash service, to dismiss for lack of personal jurisdiction, and to transfer.

**ENTER**: May 20, 2011.

_____
UNITED STATES DISTRICT JUDGE