CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 08 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN TURNER, | Civil Action No. 7:10-cv-00559 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| DIGITAL BROADCAST CORPORATION, et al., | |
| Defendants. | By: Samuel G. Wilson<br>United States District Judge |

On May 20, 2011, the court denied defendants Digital Broadcasting Corporation ("DBC") and Zapmytv.com, Inc.'s, ("Zap"), motion to dismiss for lack of personal jurisdiction and ordered plaintiff, Steven Turner, to submit evidence demonstrating that DBC and Zap have principal places of business outside of Virginia so that the court could ascertain whether diversity jurisdiction exists in this case. Neither party disputes that there is diversity jurisdiction. (Compl. 3; Defs.' Mem. Supp. Mot. Dismiss 1.) In response to the court's order, Turner filed an affidavit accompanied by several documents from various sources. DBC and Zap challenged the admissibility of these documents, though they still do not contest the existence of diversity jurisdiction. In effect, DBC and ZAP are asking the court to render an opinion regarding a hypothetical, ancillary dispute that controls an issue upon which the parties ultimately agree. The court will not do so. Therefore, the court will deny defendants' motion to quash the exhibits filed by Turner.[1]

DBC and Zap also moved for leave under 28 U.S.C. § 1292(b) to file an interlocutory appeal of this court's earlier order regarding personal jurisdiction. The court does not find that

---

[1] The court's denial of defendants' motion to quash is not meant to signal its finding that there is diversity jurisdiction in this case.

its earlier opinion involves "a controlling question of law as to which there is substantial ground for difference of opinion" or that "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); see also Cooke-Bates v. Bayer Corp., 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (quoting Fannin v. CSX Transp., Inc., 1989 WL 42583, at *2 (4th Cir. Apr. 26 1989) ("Certification for interlocutory appeal is an 'extraordinary remedy' available only in 'exceptional situations.'")). Therefore, the court will deny defendants' motion for leave to appeal this court's earlier order.

For the reasons stated herein, it is hereby **ORDERED** and **ADJUDGED** that defendants' motions to quash Turner's evidence and for leave to file an interlocutory appeal are **DENIED**.

**ENTER:** July 8, 2011.

UNITED STATES DISTRICT JUDGE