CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2011

JULIA C. DUDLEY, CLERK
BY: _____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN TURNER, | ) | |
| | ) | **Civil Action No. 7:10-cv-00559** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORDANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| DIGITAL BROADCAST | ) | |
| CORPORATION, et al., | ) | |
| | ) | **By: Samuel G. Wilson** |
| Defendants. | ) | **United States District Judge** |

This is an action by plaintiff, Steven Turner, against defendants, Digital Broadcasting

Corporation (DBC) and Zapmytv.com, Inc. (Zap), a subsidiary of DBC, alleging breach of

contract and unjust enrichment and seeking declaratory relief and an accounting.[1]  Turner is a

former CEO and president of DBC and Zap and allegedly developed the intellectual property at

issue in this case while working for them.  Zap has moved to disqualify counsel, claiming that

the law firm representing Turner in this case previously represented Zap on matters that

intertwine the subject matter of the current suit and as a consequence cannot represent Turner

here.  Turner has responded that when he was president of Zap he engaged his current law firm

personally and that, in any event, his current claims are unrelated to work that his current law

firm may have performed for Zap.  In effort to resolve the disqualification motion, the court

directed Turner's counsel to submit his firm's billing records relating to the earlier representation

for *in camera* review.  Turner has submitted the billing records, claims those records are

protected by the attorney-client privilege, has moved to seal them, and the matter is before the

---

[1] DBC is a Delaware corporation that claims to have its principal place of business in Delaware, and Zap is a Nevada corporation that claims to have its principal place of business in Delaware.  Turner claims to be a resident of Virginia.  The parties claim diversity jurisdiction on this basis.

court on that motion.  However, each bill purports to be for general representation of Zap and does not appear to invade any attorney-client privilege that Turner might have.[2]  Indeed, if the bills disclose privileged communications, they would seem to be Zap's privileged communications.  Under the circumstances, the court will direct Clerk to file the billing records under seal where they may be viewed by the parties to this litigation and to unseal the billing records absent further argument by Turner or a claim of privilege by Zap.

For the reasons stated above, the Clerk of this court is **ORDERED** to file the billing records under seal.  If there are no further privilege claims by the parties within seven days, the court will direct the Clerk to unseal the records.

**ENTER**: January 5, 2012.

UNITED STATES DISTRICT JUDGE

---

[2] The attorney-client privilege must be narrowly construed because it interferes with "the truth seeking mission of the legal process." In re Grand Jury Subpoena, 415 F.3d 338 (4th Cir. 2005) (quoting on United States v. Tedder, 801 F.2d 1437, 1441 (4th Cir. 1986)).  It will be recognized "only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." Id. (relying on Trammel v. United States, 445 U.S. 40, 50 (1980)).  In keeping with these principles, the attorney-client privilege does not normally extend to attorney billing records. United States v. (Under Seal), 33 F.3d 342, 354 (4th Cir. 1994) (citing United States v. (Under Seal), 774 F.2d 624, 628 (4th Cir. 1985), cert. denied, 475 U.S. 1108 (1986)); see also RML Corp. v. Assurance Co. of Am., No. CH02-127, 2002 WL 32075213, at *7 (Va. Cir. Ct. Oct. 25, 2002) (relying on Patel v. Allison, No. CL97-1398, 2000 WL 33650022 (Va. Cir. Ct. Oct. 30, 2000)).  Billing records revealing the date and amount of payment and the identity of the persons making the payments are not privileged because these facts do not reveal anything about the advice sought or given. United States v. In re Grand Jury Matter, 789 F. Supp. 693, 695 (D. Md. 1992).